# BENDHEIM *v.* PICKFORD.

EQUITY; EQUITABLE LIENS; EVIDENCE; AGENCY; NOTICE; DEEDS, RECITALS IN.

1. A decree of the lower court dismissing a bill by attorneys to enforce an equitable lien against land created by a contract for fees, made with the complainants by a former owner of the property, of which they allege the defendant had notice when he purchased the property, *affirmed,* on the ground that it was not shown that the defendant personally had notice of the contract when he purchased, and that the evidence to show that a third party, who it was claimed by the complainants and denied by the defendant was the agent of the defendant, and as such had notice of the contract, was insufficient to discharge the burden of proof which was on the complainants to show that such agency existed.

2. A recital in a deed that the grantee takes the land subject to a pending suit in equity, is not sufficient to charge the grantee with notice of the existence of a contract between the grantor and his attorneys for a contingent interest in the land for their services in such suit.

3. The recording of an instrument among the land records, giving the parties recording it an equitable interest in the land described in it, is insufficient to charge a prior grantee of the land with notice of such instrument.

No. 1884. Submitted May 8, 1908. Decided June 2, 1908.

HEARING on an appeal by the complainants from a decree of the Supreme Court of the District of Columbia in a suit in equity to enforce an equitable lien against lands.   *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree entered in the supreme court of the District of Columbia in a suit in equity filed by appellants, Charles Bendheim and David Rothschild, complainants below, to enforce an alleged equitable lien against certain property purchased by appellee, Thomas H. Pickford, defendant below, from one Thomas Diggins.

The bill alleges that, in 1904, the appellants were members of the bar, engaged in the practice of law in the District of Columbia; that, in May of that year, they were retained by Diggins to secure his interest in the estate of his uncle, Patrick Diggins, deceased; that they were to be paid a retaining fee of $150, and 15 per cent of any and all recovery, either in money or property, they might secure for him; and that, by the terms of the contract, Diggins assigned to them 15 per cent of his interest in said recovery as security for the payment of their services. In pursuance of this alleged employment, appellants, on May 12, 1906, filed a bill for partition of said estate on behalf of their client, the same being No. 24,660 in equity.

It is also allege that, during the pendency of the suit for partition, appellee purchased the interest of Thomas Diggins in real estate belonging to the estate of Patrick Diggins, with notice of said fee agreement and assignment.   Appellee thereafter filed a separate action for partition, No. 26,298 in equity.   In the latter case, on June 8, 1906, a decree was made, ordering a sale of the property of the estate of Patrick Diggins, and ap-

pointing trustees to make the sale.   On July 6, 1906, appellants filed their fee agreement, and had the same recorded in the land records of the District of Columbia, and thereafter notified appellee and one John H. Walter, who is alleged to have been at that time the agent of appellee, of the existence of said agreement and of their alleged lien.

The petition then alleged that appellee took the interest of Diggins in the property subject to the first partition proceedings and subject to appellants' lien, which they are entitled to have enforced against said property in the hands of appellee, or against the fund derived from the sale thereof in the hands of the trustees.   Appellants pray for the declaration and enforcement of said lien against said property or the proceeds of sale, and, in the event of sale, an application of sufficient of the proceeds thereof to satisfy their claim.

The following paragraphs of the answer raise the only question involved in the appeal:

"5. This defendant admits that, on the 24th day of May, 1906, he filed the bill for partition referred to in said paragraph, the same being numbered equity No. 26,298, wherein he alleged, *inter alia,* that he had purchased of said Thomas Diggins his undivided one-third interest in the property in said bill described, and praying for a partition thereof.   He denies, however, that he had reasonable and due notice of the alleged agreement of said complainants, or any notice thereof whatever, before the acquisition of said one-third interest in said property.
\*      \*      \*      \*      \*      \*      \*

"7. Answering the seventh paragraph of said bill, this defendant says that he has no personal knowledge of the complainants' recording their alleged agreement, or of the date of such recording, but, if the same be material, he calls for strict proof thereof.   That he has no recollection of the said complainants' thereafter notifying him of the existence of their alleged contract and agreement, though they may have done so.   He has no knowledge of any such notice being given to John H. Walter, but says that, even if such notice was given to said Walter, it

was no notice to him, this defendant; and he denies that said Walter was this defendant's agent."

*Mr. Edwin Forrest* for the appellants.

*Mr. Samuel Maddox* and *Mr. H. Prescott Gatley.* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The only question before us is one of fact: Did appellee have notice, either personal or by agent, of appellants' claim, before he purchased Diggins's interest in his uncle's estate? If he did not, there is no theory upon which appellants can recover. The evidence of appellant Rothschild was offered on the part of appellants to show that, prior to the date of the sale by Diggins to appellee, Diggins was negotiating for a loan on said property through the agency of Walter, and Rothschild was present with Walter and Diggins when these negotiations were being conducted, and that he then notified Walter of appellants' contract with Diggins and their alleged lien upon the property. Appellant Bendheim testified that, the next day after appellee placed his deed for the property from Diggins of record, he telephoned appellee and asked him if he knew that they (appellants) had a contract with Thomas Diggins and a lien on the property he had purchased for services rendered and money advanced to Diggins, and that appellee replied that he knew nothing about it, and that he (Bendheim) would have to see Mr. Walter, his (appellee's) agent, about it. This conversation appellee denied. He also denied that Walter was his agent at the times mentioned. For some unaccountable reason, neither Diggins, nor Walter, was produced as a witness by either side. It was sought by the above evidence to establish the agency of Walter, and to show that knowledge of the existence of the appellants' claim had been brought home to appellee through the conversation with Walter. This brings us to the crucial point, the agency of Walter. There was evidence by appellants to the effect that

Walter visited their office shortly after the alleged conversation between Bendheim and appellee over the telephone, when he assured them that appellee would protect their claim. But this conversation, like the one when the loan to Diggins was under consideration, was not in the presence of appellee, and could not bind him unless the agency of Walter can be established. Again we are impressed with the importance of the evidence Walter could have given had he been produced as a witness. The direct evidence on the point as to Walter's agency is narrowed down to Bendheim and appellee. There is a direct conflict. The burden rested upon appellants. The court below held that they had failed to discharge that burden. With this conclusion, we agree.

It is contended by counsel for appellants that notice of their claim was imputed to appellee by the terms of the deed from Thomas Diggins to appellee conveying the property in question. The deed contained the following clause: "All four said pieces and parcels of land and premises being also subject to such decree as may be rendered in equity causes Nos. 24,565 and 24,660, together with all and singular the improvements," etc. Appellee testified at the hearing that he had never seen the deed until it was produced in court; but that is immaterial, as he constructively accepted the deed, and he is chargeable with notice of its contents. If the recital in the deed was sufficient to give notice of the existence of appellants' claim, appellee would be chargeable with such notice at the time of the execution and acceptance of the deed. We do not think, however, that the mere reference to the existence of a pending suit is sufficient to charge notice of the existence of a contract for contingent attorneys' fees for the prosecution thereof.

In the absence of notice to appellee prior to the purchase of the land from Diggins, the recording of the contract in the land records of the District of Columbia could in no way strengthen the present case. Notice of the existence of appellants' claim must have been brought home to appellee on or before his purchase of the land in question. Having failed to

establish that such notice was given, the whole case falls. The judgment is affirmed with costs, and it is so ordered.

*Affirmed.*